**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**John Wesley TOOTLE, Jr.,**
**Defendant–Appellee.**

No. 95–5076.

United States Court of Appeals,
Fourth Circuit.

Argued July 14, 1995.

Decided Sept. 21, 1995.

**ARGUED:** John Samuel Bowler, Assistant United States Attorney, Raleigh, NC, for Appellant. George Alan DuBois, Assistant Federal Public Defender, Raleigh, NC, for Appellee. **ON BRIEF:** Janice McKenzie Cole, United States Attorney, Peter W. Kellen, Assistant United States Attorney, Raleigh, NC, for Appellant.

Before NIEMEYER, HAMILTON, and DIANA GRIBBON MOTZ, Circuit Judges.

Vacated and remanded by published opinion. Judge HAMILTON wrote the opinion, in which Judge NIEMEYER joined.

Judge NIEMEYER also wrote a separate concurring opinion. Judge DIANA GRIBBON MOTZ wrote a separate opinion concurring in the judgment.

## OPINION

HAMILTON, Circuit Judge:

The government appeals the district court's dismissal of a two-count indictment against John Tootle (Tootle) with prejudice for violation of Tootle's rights under the Speedy Trial Act (STA), see 18 U.S.C.A. §§ 3161–3174 (West 1985 & Supp.1995). Concluding the STA, by its plain language, does not apply in this case, we vacate the district court's judgment and remand this case for further proceedings.

### I.

On May 10, 1994, Tootle was indicted in the Eastern District of North Carolina on one count of possession of a firearm after having been convicted of a crime punishable by imprisonment for more than one year, see 18 U.S.C.A. § 922(g)(1) (West Supp.1995), and one count of receiving and possessing an unregistered short-barrelled shotgun, see 26 U.S.C.A. § 5861(d) (West 1989). On July 7, 1994, Tootle was arrested and afforded an initial appearance before a federal magistrate judge, see Fed.R.Crim.P. 5, at which time the magistrate judge ordered Tootle temporarily detained pending a detention hearing set for July 12, 1994, and appointed him counsel. Tootle did not enter a plea of not guilty at his initial appearance. Following the detention hearing on July 12, 1994, Tootle was ordered detained for trial. Again, at this hearing, Tootle did not enter a plea of not guilty.

On the same day of the detention hearing, Tootle filed a request for discovery and disclosure of exculpatory evidence with the clerk of the district court. The government and Tootle agree that the clerk's office inadvertently docketed Tootle's request as a motion for discovery and exculpatory evidence and, according to both parties, this caused the district court's calculation of Tootle's speedy trial deadline under the STA to be improperly calculated beyond the day of the actual deadline.

Following plea negotiations that ensued, the government sent Tootle a proposed Memorandum of Plea Agreement, which he signed on August 12, 1994. Under this agreement, Tootle agreed to plead guilty to receiving and possessing an unregistered short-barrelled shotgun, see 26 U.S.C.A. § 5861(d), while reserving the right to appeal a sentence that exceeded 115 months' imprisonment, in exchange for a dismissal of the count charging him with possession of a firearm after having been convicted of a crime punishable by imprisonment for more than one year, see 18 U.S.C.A. § 922(g)(1). The parties, however, never filed the plea agreement with the district court.

Thereafter, the clerk's office set Tootle's arraignment and/or trial for November 14, 1994, at which time he was to enter a plea of guilty based on the plea agreement.[1] On November 9, 1994, Tootle filed a motion to dismiss his indictment with prejudice under the STA on the ground that he had not been brought to trial within seventy days of his detention hearing on July 12, 1994. See 18 U.S.C.A. § 3161(c)(1). According to Tootle, the seventy-day time period expired on September 20, 1994.

On November 14, 1994, the day Tootle was scheduled to be arraigned and/or tried, the district court never arraigned Tootle, but rather held a hearing on Tootle's motion to dismiss under the STA. At the hearing, the district court held that Tootle's right under the STA was violated, and, consequently, the district court granted Tootle's motion, dismissing his indictment with prejudice over the government's objection. The government appeals.

### II.

In urging affirmance, Tootle asserts that the district court correctly concluded that his right to a speedy trial under the STA was violated. In deciding the validity of Tootle's

1. According to the parties, it is the practice in the Eastern District of North Carolina to arraign a defendant on the trial date set by the court. This practice allows the district court, on the arraignment and/or trial date, to either: (1) accept a defendant's plea of guilty, or (2) accept a defendant's plea of not guilty and proceed to hold a trial.

assertion, "[w]e begin, as we must, by examining the statutory language, bearing in mind that we should give effect to the legislative will as expressed in the language." *United States v. Murphy*, 35 F.3d 143, 145 (4th Cir.1994). If "[t]he language ... [is] facially clear and 'within the constitutional authority of the law-making body which passed it, the sole function of th[is] court[ ] is to enforce it according to its terms.'" *Id.* (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). The STA provides in pertinent part that:

> [i]n any case in which *a plea of not guilty is entered*, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C.A. § 3161(c)(1) (emphasis added).

■ Under the plain language of section 3161(c)(1), unless a defendant has entered a plea of not guilty, the provisions of that section have not been triggered. Here, somewhat anomalously, Tootle never entered a plea of not guilty before the district court. Both parties expressed at oral argument that this comports with the rather unconventional practice in the Eastern District of North Carolina to arraign defendants on the first day of trial.[2] Regardless of the reason for the delay in Tootle's arraignment, Tootle's case does not trigger section 3161(c)(1) of the STA because his case is not one "in which a plea of not guilty [wa]s entered," 18 U.S.C.A. § 3161(c)(1). Given our duty to enforce congressional mandates as written, we are constrained to conclude that the district court erred in holding that Tootle's right to a speedy trial under the STA was violated.

**III.**

■ Having concluded that the STA does not apply, we note that a defendant who is in custody awaiting arraignment and/or trial is not without the ability to seek a remedy for the time he or she spends incarcerated without benefit of a timely arraignment and/or speedy trial. In these situations, a defendant can apply for a writ of habeas corpus with the district court pursuant to 28 U.S.C.A. § 2241(c)(3) (West 1994), alleging that he or she is in custody in violation of his or her due process rights under the Fifth Amendment to the United States Constitution and his or her right to a speedy trial under the Sixth Amendment. Title 28 U.S.C.A. § 2241(c)(3) provides: "(c) The writ of habeas corpus shall not extend to a prisoner unless—... (3) He is in custody in violation of the Constitution or laws or treaties of the United States." The purpose of habeas corpus is to test the legality of detention. *See Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir.1982). Pre-trial petitions for habeas corpus "are properly brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987).[3]

**IV.**

Having concluded that Tootle's right to a speedy trial under the STA was not violated, the judgment of the district court is vacated and the case is remanded to the district court for further proceedings.

*VACATED AND REMANDED.*

NIEMEYER, Circuit Judge, concurring:

I readily concur in the opinion written for the court by Judge Hamilton. I write sepa-

---

**2.** The Eastern District of North Carolina's unique practice of setting a defendant's arraignment on the day of that defendant's trial is, as this case illustrates, an improvident practice. If Tootle had entered a plea of not guilty on the day of his scheduled arraignment and/or trial, a violation of the STA would have occurred, and, presumably, the issue before us would be whether the district court erred in dismissing the indictment with prejudice. Fortunately for the government, Tootle never entered a plea of not guilty.

**3.** We express no opinion on whether Tootle would have been entitled to relief under 28 U.S.C.A. § 2241.

rately only to observe that this was not a contested case in which the parties expected to proceed to trial. By the plea agreement that had been finalized and executed, Tootle agreed to plead guilty, and the only order of business for resolving criminal liability was a court hearing to approve the agreement. A hearing to approve a plea agreement is not a trial and is therefore not addressed by the Speedy Trial Act, as noted by Judge Hamilton. If we were to allow Tootle to appear in the November hearing and obtain dismissal of his case under the Speedy Trial Act, we would be giving him a right that the Act does not give him, and we would be allowing him to breach his plea agreement without any stated reason for doing so. The court's opinion properly rejects such gamesmanship.

MOTZ, Circuit Judge, concurring in the judgment:

I agree that the district court erred in dismissing John Tootle's indictment with prejudice as a remedy for violation of the Speedy Trial Act. Accordingly, I concur in the court's judgment vacating the district court's order and remanding the case for further proceedings. I write separately because, in my view, it is neither necessary nor prudent to reach the question of whether Speedy Trial Act is applicable here.

First, the government has never claimed or even suggested that this case is *not* governed by the Speedy Trial Act. Rather, its only arguments in this court and in the court below were: (1) "the seventy-day period under the Speedy Trial Act had not expired at the time of Tootle's trial date" and (2) even if it had "the district court abused its discretion by dismissing the indictment with prejudice." Brief of Appellants at 11 and 16. Thus, it seems to me the government has implicitly conceded the applicability of the Speedy Trial Act here.

At the very least, because like any other litigant, the government is presumed to know the law, its utter failure to make a claim that the Speedy Trial Act is inapplicable constitutes waiver of this claim. *See United States v. Bornstein*, 977 F.2d 112, 115 (4th Cir. 1992). This court has not been reluctant to find in similar circumstances that criminal

defendants have waived far more important constitutional rights. I see no reason not to hold the government to the same standard. Indeed, in precisely the same context—*i.e.*, whether a trial court's dismissal of an indictment with prejudice as a remedy for violation of the speedy Trial Act was an abuse of discretion—the Supreme Court recently did just that. *See United States v. Taylor*, 487 U.S. 326, 332 n. 6, 108 S.Ct. 2413, 2417 n. 6, 101 L.Ed.2d 297 (1988) (noting that, although the government asserted that lower courts "relied on a 'now out-moded' method of calculating speedy trial time, and that under another now-favored method," there was "no speedy trial violation," because "that argument was neither raised below nor pressed here," it would not be considered).

Furthermore, determination of whether the Speedy Trial Act is applicable here is not at all essential to a fair and just adjudication of this case. The same ultimate result is compelled here by resolving an issue that was briefed and argued by both parties, *i.e.*, whether the district court abused its discretion in dismissing the indictment with prejudice as a remedy for the Speedy Trial Act violation. In determining whether to dismiss a case with or without prejudice in these circumstances, a court must consider: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the ... administration of justice." 18 U.S.C. § 3162(a)(1). In *Taylor*, the Supreme Court concluded that in light of these statutory factors, the discretion of district court in dismissing an indictment with prejudice is "confine[d]." 487 U.S. at 343, 108 S.Ct. at 2423. Accordingly, a court must "carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." *Id.* at 336–37, 108 S.Ct. at 2419.

Here, the district court did not "clearly articulate" its analysis of the required factors; rather, it simply concluded that "[i]n this circumstance and in view of the factors the court must weigh, the court deems that this matter should be dismissed with prejudice." Moreover, the record offers little sup-

port for the district court's decision to dismiss with prejudice. The crimes with which Tootle was charged were certainly serious in nature and "[w]here this is true, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *United States v. Jones,* 887 F.2d 492, 495 (4th Cir. 1989), *cert. denied,* 493 U.S. 1081, 110 S.Ct. 1137, 107 L.Ed.2d 1042 (1990). There was no lengthy or serious delay here. Furthermore, the parties agree that the delay that did occur was caused by inadvertent clerical error, not because the government was seeking to obtain a tactical advantage. Additionally, Tootle can point to no real prejudice, other than the incarceration that he would have been subject to anyway had his guilty plea been accepted. Accordingly, it seems clear that dismissal with prejudice was error and for this reason, the *result* reached by the court here is, in any event, compelled. There is no need for the court to reach the question of applicability of the Act.

Finally, although the majority's rationale for concluding that the Speedy Trial Act is inapplicable here is both lucid and straightforward, I am troubled by the possible repercussions of this holding. In my view, it virtually invites abuse. True, Tootle never entered a not-guilty plea but this was not by choice. He never entered a not-guilty plea because he was never given an opportunity to do so. He was denied this opportunity by the practice now in effect of not conducting arraignments until the eve of trial. The majority may be correct in concluding that this practice permits the government legally to deprive a criminal defendant of well-established rights under federal law to a speedy trial. However, I would await a case in

which we had to resolve this thorny question—or at least one in which it was briefed and argued—to so hold.*

---

* Indeed, the implications of the majority's holding underscore the wisdom of the government's waiver of the claim that the Speedy Trial Act is inapplicable. The majority characterizes as "improvident" the practice that has been adopted in the Eastern District of North Carolina of not holding arraignments until the eve of trial. That characterization is entirely justified if the purpose and effect of the practice is to nullify the Speedy Trial Act by preventing the deadlines established by the Act from ever being triggered. However, it may be that the judges and the members of the bar of the Eastern District of North Carolina were fully aware that the practice had the potential of frustrating the intent of Congress in enacting the Speedy Trial Act, and

so determined to implement the practice in a manner that did not adversely impact the rights of defendants and to forego any claim that the Act did not require such an implementation. The majority unnecessarily holds this self-policing unenforceable and so nullifies a practice that arguably had many benefits, *e.g.*, preventing the waste of resources of the court, the Marshal's Service and the bar in holding an unnecessary arraignment at which a defendant (whose conditions of release or detention have already been set at an initial appearance) merely enters a not guilty plea. For this reason, it is doubly unfortunate that the majority has chosen not to honor the government's waiver of any claim that the Speedy Trial Act is inapplicable.