**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Myron JACKSON, Defendant–**
**Appellant.**

No. 00–1653.

United States Court of Appeals,
Sixth Circuit.

Aug. 30, 2001.

Before BOGGS, DAUGHTREY, and

FARRIS,* Circuit Judges.

PER CURIAM.

Myron Jackson appeals his conviction and 253–month sentence, following a jury trial, for two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Jackson's conviction was based on two heroin sales to a DEA agent in September 1995.

On March 13, 1996, Jackson was arrested on an unrelated outstanding federal parole violation from California. A Michigan federal magistrate judge ordered his return to California. The following day, a criminal complaint based on the September 1995 heroin sales was filed against Jackson. Jackson was never served, did not appear, and the government subsequently dismissed the complaint without prejudice on November 20, 1996.

On January 6, 1998, Jackson was indicted for distribution of heroin in the September 1995 transactions. Jackson eventually was returned to Michigan in November 1998, appeared before a magistrate judge on November 24, 1998, and was arraigned on December 1, 1998.

Trial was originally scheduled for March 25, 1999. On March 22, 1999, Jackson's counsel, Stephen Rabaut, moved to dismiss the indictment based on *United States v. Ovalle*, 136 F.3d 1092 (6th Cir.1998) (holding that Eastern Michigan's federal grand jury system violated equal protection). The district court dismissed the indictment

without prejudice. A superseding indictment was filed two days later.

After Rabaut withdrew from representation, the district court appointed James Waske, who moved to quash the indictment based on a Fourteenth Amendment due process violation for preindictment delay and a Sixth Amendment speedy trial violation.[1] The district court denied the motion. Jackson went to trial, was convicted on both counts of the superseding indictment, and was sentenced to 253 months.

Jackson contends that his trial counsel each provided ineffective assistance by failing to move to dismiss under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) and § 3162(a)(2), because his trial did not occur within 70 days of his first appearance in court.[2] Claims of ineffective assistance are reviewed de novo. *See United States v. Pierce*, 62 F.3d 818, 833 (6th Cir.1995). In order to show ineffective assistance, Jackson must demonstrate that counsel's performance was deficient and that his defense was prejudiced by that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Pierce*, 62 F.3d at 833.

■ We agree with Jackson that, because the speedy trial clock began to run when he made his first appearance before the magistrate judge on November 24, 1998, the number of non-excluded days before trial exceeded the 70–day period under section 3161(c)(1). *See* 18 U.S.C.

---

* The Honorable Jerome Farris, United States Circuit Judge of the Ninth Circuit, sitting by designation.

1. Although counsel raised a constitutional speedy trial violation, he did not argue for a dismissal under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) and § 3162(a)(2).

2. At oral argument, we reminded counsel that claims of ineffective assistance generally are

best brought in a section 2255 motion. An exception exists where the existing record is adequate to assess properly the merits of claim on direct appeal. *See United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir.1998). Counsel for Jackson insisted that the record is adequate and urged that we consider Jackson's contention.

§ 3161(c)(1) (specifying that the trigger date is either the filing date of the indictment or the date on which defendant first appears before a judicial officer, whichever occurs later); *United States v. Crawford,* 982 F.2d 199, 202 (6th Cir.1993) (stating that the trigger date is when defendant first appears before a judicial officer).[3]

■ Under these circumstances, counsel would be expected to raise a speedy trial violation. Counsels' failure to raise this issue arguably fell outside the range of acceptable representation. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052; *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir.1999). We would have preferred a more fully developed record before deciding that issue, but in any event, Jackson's ineffective assistance claim fails. He has not established prejudice, *i.e.,* a reasonable probability that, but for trial counsels' failure to raise the statutory speedy trial issue, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Although Jackson contends that counsels' failure deprived him of his right to request a dismissal with prejudice, he has not demonstrated a reasonable probability that the district court would have dismissed the

indictment with prejudice. *See* 18 U.S.C. § 3162(a)(2); *United States v. Howard,* 218 F.3d 556, 561 (6th Cir.2000) (discussing the section 3162(a)(2) factors for dismissal with or without prejudice).[4]

On the record before us, Jackson has not shown that he was denied effective assistance of counsel.

Jackson next contends that his Fourteenth Amendment due process rights were violated by the government's delay of more than twenty-one months in indicting him. To obtain relief based on pre-indictment delay, Jackson must show: 1) that the delay substantially prejudiced his right to a fair trial; and 2) that the delay was an intentional device by the government to gain a tactical advantage. *See United States v. Brown,* 959 F.2d 63, 66 (6th Cir. 1992).

■ We agree with the district court that Jackson was not entitled to dismissal for pre-indictment delay. He failed to set forth any evidence that the delay was an intentional device by the government to gain a tactical advantage. *See United States v. Rogers,* 118 F.3d 466, 476 (6th Cir.1997) (stating that the delay must be

---

**3.** We reject the government's argument that the entry of the not guilty plea on December 1, 1998 was the speedy trial trigger date. The government's reliance on *United States v. O'Dell,* 154 F.3d 358 (6th Cir.1998) is misplaced because of the unique factual circumstances of that case. In *O'Dell,* the court concluded that the plain language of 18 U.S.C. § 3161(c)(1) required a not guilty plea to trigger the speedy trial clock, and because O'Dell never entered a not guilty plea, nor was one entered for him in a prior proceeding, the speedy trial clock was never triggered during that prior proceeding. *See id.* at 360–62.

In contrast, Jackson did enter a not guilty plea in this proceeding on December 1, 1998. Because the plea was eventually entered, the speedy trial provisions were triggered by

Jackson's initial appearance on November 24, 1998. *See Crawford,* 982 F.2d at 201–03 (concluding that where defendant made first appearance on October 25, 1990 and was arraigned on October 29, 1990, the speedy trial clock began to run on October 25, because that was the latest relevant date under the Speedy Trial Act).

**4.** To the extent that Jackson argues prejudice because he was unable to locate witnesses, the argument fails because he does not show what their testimony would have established, nor does he demonstrate a reasonable probability that the result of the proceeding would have been different had these witnesses testified. *See Strickland,* 466 U.S. at 693–94, 104 S.Ct. 2052.

purposeful and that allegations of reckless or negligent delay are insufficient).

Because Jackson failed to establish intentional delay, we need not address whether he has shown substantial prejudice. *See United States v. Duncan,* 763 F.2d 220, 222 (6th Cir.1985) (stating that both prongs of the test must be shown); *United States v. Greene,* 737 F.2d 572, 574–75 (6th Cir.1984) (declining to address substantial prejudice where defendant fails to show intentional delay).

Jackson is not entitled to dismissal of the indictment based on either ineffective assistance of counsel or pre-indictment delay.

AFFIRMED.