# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2007

Charles R. Fulbruge III
Clerk

No. 05-61130

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ADRIAN LOPEZ-VALENZUELA, also known as David Valenzuela,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:05-CR-29-1

Before JOLLY, CLEMENT and OWEN, Circuit Judges.

PRISCILLA RICHMAN OWEN, Circuit Judge:

The defendant moved to dismiss his indictment for illegal reentry,[1] alleging that the Government failed to try him within the time prescribed by the Speedy Trial Act.[2] The district court denied his motion. We reverse.

Authorities arrested Adrian Lopez-Valenzuela on February 16, 2005, and he appeared before a magistrate judge on the same day. He was indicted on March 8, 2005. Valenzuela signed a form titled "Waiver of Appearance and Entry of Not Guilty Plea" on March 18, 2005. Although the Government knew that the

---

[1] See 8 U.S.C. § 1326.

[2] 18 U.S.C. §§ 3161-3174.

form had been signed, Valenzuela did not actually file the form until June 16, 2005. The following day, Valenzuela filed a motion to dismiss the indictment, arguing that the Government's failure to bring him to trial within seventy days of his indictment on March 8 entitled him to dismissal under 18 U.S.C. § 3162(a)(2).[3] The district court denied the motion, and Valenzuela entered a conditional guilty plea that reserved his right to appeal the court's ruling on the alleged Speedy Trial Act violation. He now exercises that right to appeal.

Section 3161(c)(1) provides, in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.[4]

In order to determine whether there was a Speedy Trial Act violation, we must first decide when the seventy-day "clock" began to run. Valenzuela argues that the clock started when the indictment was filed on March 8. The Government argues that the clock was not started until Valenzuela filed his "Waiver of Appearance and Entry of Not Guilty Plea" on June 16.

The Speedy Trial Act provides that the clock starts on the date the indictment is filed or the date the defendant has appeared before a judicial officer, whichever is later.[5] Like many other circuits, this court has "construe[d] 'appearance before a judicial officer' to mean a defendant's initial appearance

---

[3] Id. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.").

[4] Id. § 3161(c)(1).

[5] Id.

before a judicial officer."[6] Thus, in cases in which the defendant appears before being indicted, the indictment is the start date. To hold otherwise would render the choice of dates specified in § 3161(c)(1) superfluous; "[i]f a pre[-]indictment initial appearance were not considered to be an 'appearance before a judicial officer of the court in which such charge is pending,'" the date of the indictment could never be the date that "last occurs."[7]

In this case, Valenzuela initially appeared on February 16, the day he was arrested. His indictment was filed three weeks later, on March 8. Because Valenzuela's indictment was filed after his initial appearance, the indictment started the speedy-trial clock. The Government nevertheless argues that the speedy-trial clock did not begin to run until Valenzuela filed the "Waiver of Appearance and Entry of Not Guilty Plea" because it was only then that the case became one "in which a plea of not guilty is entered." The Government relies on United States v. O'Dell, in which the Sixth Circuit held that "[t]he plain meaning of the language of [§ 3161(c)(1)] requires a not guilty plea to begin the clock running."[8] The court considered the legislative history, concluding that it "reveals that the purpose of the not guilty plea requirement is to conserve judicial resources by avoiding unnecessary trial scheduling in cases where it is more likely that the defendant will plead guilty or nolo contendere."[9] The court reasoned that requiring a guilty plea conserves judicial and prosecutorial

---

[6] United States v. Ortega-Mena, 949 F.2d 156, 158 (5th Cir. 1991) (emphasis added); see also United States v. Mentz, 840 F.2d 315, 325 (6th Cir. 1988); United States v. Owokoniran, 840 F.2d 373, 374 (7th Cir. 1987); United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984); United States v. Haiges, 688 F.2d 1273, 1274 (9th Cir. 1982); United States v. Carrasquillo, 667 F.2d 382, 384 (3d Cir. 1981).

[7] Carrasquillo, 667 F.2d at 384.

[8] 154 F.3d 358, 360 (6th Cir. 1998).

[9] Id.

resources, and it prevents a prosecutor from having to "prepare for a potential trial until the defendant has entered a not guilty plea."[10]

Although the Sixth Circuit concluded in dicta that the speedy-trial clock does not begin to run until a guilty plea has been entered, its actual holding was that the clock never began to run because the defendant at no time entered a not guilty plea.[11] To the extent that O'Dell can be read as construing § 3161(c)(1) to mean that the date of a not guilty plea is the date the speedy-trial clock begins, it would appear to be a departure from an earlier Sixth Circuit decision.[12] Subsequent unpublished opinions from the Sixth Circuit seem to reach differing conclusions regarding the significance of the date of a not guilty plea.[13]

We can find no basis, however, from the text of § 3161(c)(1) for utilizing the date of a not guilty plea as the commencement date of the seventy-day period. The statute provides only two dates that can start the clock: the date of the indictment or the date the defendant has appeared. Section 3161(c)(1)'s requirement that a defendant's trial commence by a certain date if the case is

---

[10] Id. at 361; see also United States v. Nixon, 779 F.2d 126 (2d Cir. 1985) (reviewing the legislative history and drawing a similar conclusion).

[11] Id.

[12] See United States v. Crawford, 982 F.2d 199, 203-04 (6th Cir. 1993) (concluding that the time-period specified in § 3161 ran from the defendant's initial post-indictment appearance, not the day of his later arraignment, at which a plea was presumably entered).

[13] Compare United States v. Jackson, 22 F. App'x 396, 398 n.3 (6th Cir. 2001) (concluding that the speedy-trial clock was triggered by the defendant's initial appearance not his subsequent arraignment, "reject[ing] the government's argument that the entry of the not guilty plea . . . was the speedy trial trigger date," and distinguishing O'Dell on the basis that the court had concluded in that case that "the speedy trial clock was never triggered during th[e] prior proceeding" because the defendant never entered a guilty plea in that proceeding), with United States v. Levon, 127 F. App'x 865, 869 (6th Cir. 2005) (relying on O'Dell in concluding that the speedy-trial clock ran from the date on which the defendants entered their not guilty pleas rather than the date of the defendants' first pro se appearance after indictment), cert. denied, 546 U.S. 1053 (2005).

one "in which a plea of not guilty is entered"[14] determines only whether the time restrictions apply. It does not determine when the clock starts.

The Fourth Circuit illustrated this point in United States v. Tootle.[15] In that case, the defendant was indicted on May 10 and made his initial appearance on July 7.[16] Because of a unique procedure followed by the Eastern District of North Carolina, the defendant was not scheduled to be arraigned until the day of trial, November 14.[17] Before the defendant entered his plea on November 14, however, the trial court granted the defendant's motion to dismiss the indictment under the Speedy Trial Act because the defendant had not been brought to trial within the requisite seventy days.[18]

The Fourth Circuit reversed the district court, holding that because the defendant had never entered any plea, the case was not one "in which a plea of not guilty [wa]s entered" and the Speedy Trial Act therefore did not apply.[19] The court noted in dicta, however, that the Speedy Trial Act would have been violated if the defendant had entered a not guilty plea on the day of his arraignment or trial.[20] The court reasoned that while a not guilty plea is a prerequisite for a Speedy Trial Act violation, the start date remains either the date of the indictment or first appearance, whichever is later.

The Fourth Circuit's interpretation of § 3161(c)(1) is faithful to the text. The Speedy Trial Act requires the seventy-day clock to begin on either the date

---

[14] 18 U.S.C. § 3161(c).

[15] 65 F.3d 381 (4th Cir. 1995).

[16] Id. at 382.

[17] Id. at 382 & n.1.

[18] Id. at 382.

[19] Id. at 383.

[20] Id. at 383 n.2.

of the first appearance or the date of the indictment, whichever is later, in any case in which a not-guilty plea is entered. As a consequence, prosecutors should expeditiously schedule an arraignment or otherwise obtain a plea early in the proceedings in order to determine whether the case will be subject to the time limitations in the Speedy Trial Act. This does not mean that a defendant can withdraw a guilty plea and thereby take advantage of § 3161(c)(1) by pleading not guilty after seventy days have elapsed from the triggering event. As § 3161(i) makes clear, in situations in which a defendant pleads guilty or nolo contendere and later withdraws that plea, the defendant shall be deemed indicted on the day the order permitting withdrawal of the plea becomes final.[21]

Here, Valenzuela first appeared pre-indictment, and the speedy-trial clock began to run on the date of his indictment regardless of the date he ultimately pleaded not guilty. If Valenzuela had been indicted before his arrest, however, his "Waiver of Appearance and Entry of Not Guilty Plea" could be the "date the defendant has appeared," but not necessarily so. Consistent with our precedent, a post-indictment arraignment would trigger the speedy-trial clock only if it is the initial post-indictment "appear[ance] before a judicial officer." Although other courts have held differently,[22] a post-indictment appearance need not be an arraignment in order to act as the start date because the text of § 3161(c)(1) does not require that the appearance be an arraignment. Section 3161(c)(1)

---

[21] See 18 U.S.C. § 3161(i).

[22] United States v. Willaman, 437 F.3d 354, 357-58 (3d Cir. 2006) (observing that a defendant's pre-indictment appearance counts as an "appear[ance] before a judicial officer" for purposes of the Speedy Trial Act but holding that "when a defendant's first appearance before a judicial officer is after an indictment for purposes of section 3161(c)(1), the appearance must be an arraignment to trigger the 70-day period"), cert. denied, 126 S. Ct. 2902 (2006); United States v. Nixon, 779 F.2d 126, 130 (2d Cir. 1985) ("An examination of the relevant legislative history reveals that the statutory period was intended to begin only after an appearance at which a not guilty plea has been entered."). But see United States v. Crawford, 982 F.2d 199, 203 (6th Cir. 1993) (concluding that the time-period specified in § 3161 ran from the defendant's initial post-indictment appearance, not the date of his later arraignment).

merely requires an "appearance before a judicial officer." To hold otherwise would require us to ascribe different meanings to the same words depending on whether a defendant first appeared pre- or post-indictment. Such a result is not only inconsistent with customary standards of statutory interpretation, but it would also invite unnecessary delay in holding an arraignment.

We acknowledge that there are decisions from this Court stating generally that the speedy-trial clock runs from the "original indictment or arraignment, whichever [is] later."[23] Both of those cases dealt with the effect of superseding indictments, and there is no indication that the defendants' initial appearance before a judicial officer was anything other than an arraignment.[24] Although the language used was imprecise, nothing in those decisions conflicts with our construction of § 3161(c)(1).

Because Valenzuela was not tried within seventy days after his indictment and the Government does not allege that there were any excludable delays,[25] we REVERSE the district court's judgment and REMAND the case to the district court to dismiss the indictment in accordance with 18 U.S.C. § 3162(a)(2).

---

[23] United States v. Bermea, 30 F.3d 1539, 1567 (5th Cir. 1994); see also United States v. Gonzales, 897 F.2d 1312, 1316 (5th Cir. 1990).

[24] Bermea, 30 F.3d at 1566; Gonzales, 897 F.2d at 1314.

[25] 18 U.S.C. § 3161(h).