**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Alfonso HERNANDEZ–AMPARAN,**
**Defendant.**

**No. EP–08–CR–1931–KC.**

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 5, 2009.

Christopher Michael Blanton, United States Attorney's Office, El Paso, TX, for Plaintiff.

Santiago David Hernandez, Federal Public Defender, El Paso, TX, for Defendant.

## ORDER

KATHLEEN CARDONE, District Judge.

On this date, the Court considered Defendant Alfonso Hernandez–Amparan's "Motion to Dismiss for Delay" ("Motion") (Doc. No. 29); "Government's Response to Motion to Dismiss for Delay in Evaluating Defendant's Competency" ("Response") (Doc. No. 33); and "Defendant's Reply to Government's Response to Defendant's Speedy Trial Motion to Dismiss" ("Reply") (Doc. No. 35). For the reasons set forth herein, Defendant's Motion is hereby **GRANTED,** and Defendant's Indictment **(Doc. No. 8)** is hereby **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

On June 24, 2008, Defendant Alfonso Hernandez–Amparan ("Defendant") was arrested after being observed entering the United States from Mexico. Criminal Compl. (Doc. No. 1) at 1. On June 26, 2008, the Government filed a Criminal Complaint against Defendant, alleging that Defendant illegally reentered the United States in violation of 8 U.S.C. § 1326. *Id.*

The Complaint stated that Defendant had previously been arrested five times between 1985 and 2001, and was convicted of two drug offenses, theft, criminal trespass, and "soliciting on the roadway." *Id.* at 2. On July 16, 2008, the Government filed an Indictment charging Defendant with one count of illegal reentry. Indictment (Doc. No. 8). The Government also filed a Notice of Enhanced Penalty (Doc. No. 9), notifying Defendant that it intends to seek an increased penalty pursuant to 8 U.S.C. § 1326(b)(2), which provides for a maximum penalty of twenty years imprisonment. On July 25, 2008, Defendant waived his personal appearance at the arraignment and tendered his plea of not guilty. *See* Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty ("Waiver of Appearance") (Doc. No. 13).

On August 1, 2008, Defendant's attorney filed a Motion for Mental Examination of Defendant ("Motion for Examination") (Doc. No. 14), stating that Defendant "may be so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense." Mot. for Examination 1. On August 6, this Court granted that Motion. Order, Aug. 6, 2008 (Doc. No. 16).

On September 18, 2008, after holding a hearing to determine Defendant's mental competency, this Court found that Defendant "lacks sufficient ability to consult with his attorney and to assist in his own defense with a reasonable degree of rational understanding." Order of Commitment Pursuant to 18 U.S.C. § 4241(d) ("Order of Commitment") (Doc. No. 23) at 1. Accordingly, the Court ordered that Defendant be committed "to be hospitalized at MCFP [Medical Center for Federal Prisoners] Springfield in Missouri for [ ] a reasonable period of time, not to exceed four months," to determine if Defendant may attain the

capacity necessary for his trial to proceed. *Id.*

On January 8, 2009, Defendant filed the instant Motion, alleging that more than three months after this Court's Order of Commitment, Defendant had not yet been transferred to a medical center. Mot. 1. Defendant also requests that this Court dismiss Defendant's Indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and Federal Rule of Criminal Procedure 48(b). *Id.* Defendant further requests that the dismissal be with prejudice. *Id.* at 3–4. On January 21, 2009, the Government filed its Response, arguing that there has been no Speedy Trial Act violation due to exclusions provided in that Act, and that dismissal under Rule 48(b) is unwarranted. *See* Resp. 4–6. The Government also provided a Declaration by a United States Marshal, which explains the procedures followed with regard to Defendant's transfer and states that Defendant will be transported to MCFP Springfield on February 5, 2009. *See* Resp. Ex. A.

## II. DISCUSSION

The Court must first determine whether the delay in Defendant's trial is outside the limit imposed by the Speedy Trial Act. "If a Defendant is not brought to trial within the time limit required by [the Speedy Trial Act], the information or indictment *shall* be dismissed on motion of the defendant." 18 U.S.C § 3162(a)(2) (emphasis added). Because dismissal is mandatory, if the Court finds that Defendant has not been timely brought to trial, the Court will "determin[e] whether to dismiss the case without or without prejudice...." *Id.*

Finally, the Court will consider the effect of Rule 48(b).

### A. Speedy Trial Act
#### a. Required Time Limit

Because Defendant has moved for dismissal pursuant to the Speedy Trial Act, he has the "burden of proof [in] supporting such motion." 18 U.S.C § 3162(a)(2). However, the Government has "the burden of going forward with the evidence in connection with any exclusion of time...." *Id.*; *see also United States v. May*, 819 F.2d 531, 533 (5th Cir.1987) ("Because the Government alone usually knows the reason for the delay, it bears the initial burden of explaining why the violation occurred.") (footnote omitted).

■ Defendant clearly establishes that he has not been brought to trial within the time limit required by the Speedy Trail Act. Under that Act, "in any case in which a plea of not guilty is entered," a defendant's trial must commence within seventy days from his indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1).[1] Defendant's Indictment was filed on July 16, 2008, and his Waiver of Appearance was filed on July 25, 2008. Accordingly, the Speedy Trial Act clock began to run on the latter date. *See United States v. Lopez–Valenzuela*, 511 F.3d 487, 491 (5th Cir.2007) ("If [defendant] had been indicted before his arrest, however, his "Waiver of Appearance and Entry of Not Guilty Plea" *could* be the "date the defendant has appeared[.]" ") (emphasis in original).[2] Defendant's trial has not yet been scheduled. However, assuming that

---

**1.** The time-computation rules provided in the Federal Rules of Criminal Procedure apply to the Speedy Trial Act. *See, e.g., United States v. McGhee*, 532 F.3d 733, 738 (8th Cir.2008); *United States v. Bond*, 956 F.2d 628, 632 (6th Cir.1992). Rule 45 excludes from computation the date that begins a period, weekends and holidays when a period is less than eleven

days, and the last day of a period if that day is a weekend or holiday. *See* FED.R.CRIM P. 45.

**2.** Defendant had waived the opportunity to appear at a previous hearing. *See* Waiver of Preliminary Hearing and/or Detention Hearing (Doc. No. 7).

Defendant's trial cannot possibly begin before February 5, 2009, the date of his scheduled transport to MCFP Springfield for medical treatment, Defendant's delay would total at least 195 days, far in excess of the seventy-day requirement.

Defendant concedes that several of the Speedy Trial Act's exclusions from time computation apply to the instant case. *See* Mot. 2–3. The Act excludes delay resulting "from any proceeding ... to determine the mental competency" of a defendant. 18 U.S.C. § 3161(h)(1)(A). The Act also excludes "delay resulting from any pretrial motion." 18 U.S.C. § 3161(h)(1)(D). Applying these exceptions, the days between Defendant's Motion for Examination and the Court's Order of Commitment—August 1, 2008, until September 18, 2008, totaling 48 days—are excluded.

Finally, Defendant concedes that the Act excludes from time computation "delay resulting from transportation of any defendant ... to and from places of examination or hospitalization ... *except that any time consumed in excess of ten days from the date [of] an order directing such transportation ... shall be presumed to be unreasonable.*" 18 U.S.C. § 3161(h)(1)(F) (emphasis added). For purposes of Defendant's burden in establishing a Speedy Trial Act violation, the Court assumes that all time resulting from Defendant's transportation in excess of ten days is unreasonable. Accordingly, eleven days from the date of the Court's Order of Commitment, which directed that Defendant be transported, are also excluded (ten days under § 3161(h)(1)(F), and one

extra day because that ten-day period ended on September 28, 2008, a Sunday).

The exclusions which Defendant concedes result in a total exclusion period of 59 days. Subtracting the excluded dates, Defendant's trial delay is at least 136 days, still far in excess of the seventy-day requirement. Thus, Defendant has established a violation of the Speedy Trial Act requiring dismissal.

In its Response, the Government states that "Defendant's remedy for a Speedy Trial [Act] violation is restricted because the Act also provides for numerous time period exclusions...." Resp. 4. Because Defendant agrees that the dates between his Motion for Examination and the Court's Order of Commitment are excludible, the parties' dispute centers on the period after the Order of Commitment. Defendant argues that the only exclusion applicable to this period is the exclusion for delays resulting from transportation in § 3161(h)(1)(F), and that only ten days are therefore excluded. *See* Reply 2–3.

The Government lists six exclusions which it argues are applicable to that time: Three of those exclusions were already conceded in Defendant's Motion, and one was repealed almost nine years ago.[3] The remaining exclusions are also not applicable to Defendant's case. First, the Government argues that the period after the Order of Commitment is excludible because it "result[ed] from the fact that the defendant is mentally incompetent or physically unable to stand trial." 18 U.S.C § 3161(h)(4). In other words, the Government argues that the fact that Defendant

---

**3.** The Government relies in part on an exclusion for "any delay resulting from any proceeding ... pursuant to [S]ection 2902 of Title 28, United States Code[.]" Resp. 4. This exclusion was repealed on October 13, 2008, three months prior to the Government's Response. *See* Judicial Administration and Technical Amendments Act of 2008, Pub. L.

No. 110–406, § 13, 122 Stat. 4291, 4294 (2008). Moreover, the statute which this exclusion referred to, 28 U.S.C. § 2902 (providing for civil commitment and rehabilitation of narcotic addicts), was repealed in 2000. *See* Children's Health Act of 2000, Pub. L. No. 106–310, § 3405(c)(1), 114 Stat. 1101 (2000).

has not been transported for psychiatric treatment is a result of the fact that Defendant required such treatment in the first place. Such a reading is incorrect. The exclusion in § 3161(h)(4) applies to the dates of a defendant's actual treatment rather than the lack of such treatment due to the failure to transport that defendant. *See, e.g., United States v. Howard,* 590 F.2d 564, 568 n. 3 (4th Cir.1979); *White v. United States,* 273 Fed.Appx. 559, 564 (7th Cir.2008) (unpublished opinion). The delay here is a result of the failure to transport Defendant for treatment, and this contingency is specifically provided for in § 3161(h)(1)(F). "The Speedy Trial Act amendments specifically indicate that anything over ten days in transport is presumptively unreasonable[.]" *United States v. Castle,* 906 F.2d 134, 138 (5th Cir.1990). The suggestion that this provision does not apply to transportation which is tangentially caused by a defendant's illness would eviscerate § 3161(h)(1)(F), and implausibly render it applicable only to those who are mentally and physically healthy but are nevertheless being transported for examination or hospitalization.

Next, the Government argues that the dates after the Court's Order of Commitment are excluded because they are "reasonably attributable to [a] period ... during which [a] proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). However, § 3161(h)(1)(H) applies to "time between the filing of and the hearing on a motion." *Henderson v. United States,* 476 U.S. 321, 326, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). Defendant's Motion for Examination was concluded with the Court's Order of Commitment, and this exclusion ceased to be applicable after the date of that Order.

■ Finally, the Government does not explain why the delay in Defendant's transportation, far in excess of ten days, is nevertheless reasonable. Instead, the Government argues that the exclusion in § 3161(h)(1)(F) "involves the actual transportation of a defendant." Resp. 5. Under the Government's interpretation, so long as the time spent in actual transport is ten days or less, the Speedy Trial Act allows for limitless time spent awaiting transport. Such a reading of § 3161(h)(1)(F) is absurd, and the Court struggles to imagine how any defendant's time spent in actual transport can ever be more than ten days. Instead, section 3161(h)(1)(F) applies to "delays resulting from transportation." Logically, and by its plain language, the phrase "delays resulting from transportation" refers to any delay after transport has been ordered and before transport has been completed. This Court ordered Defendant to be transported on September 18, 2008. Far more than ten days have since passed, yet Defendant's transport has not been completed. The Government has not shown why this delay was reasonable, and the delay is therefore not excluded by § 3161(h)(1)(F).[4] For these reasons, Defendant has not been brought to trial within the time required by the Speedy Trial Act, and his Indictment must be dismissed.

### b. Prejudice

The Speedy Trial Act gives courts discretion to dismiss a case "with or without prejudice." 18 U.S.C. § 3162(a)(2). In

---

4. The Declaration provided by the Government does not explain why Defendant's transportation was delayed, instead listing the institutional steps necessary for Defendant's transport. *See* Resp. Ex. A. This does not suffice as an explanation. "[I]n enacting [the Speedy Trial Act] Congress took into account that there would be institutional delays.... 'Ordinary institutionalized delay is not an excuse.'" *Castle,* 906 F.2d at 137–38 (quoting *United States v. Jervey,* 630 F.Supp. 695 (S.D.N.Y.1986)).

doing so, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *Id.* Trial courts have wide discretion in making this determination. *See United States v. Taylor,* 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988).

■ The first factor is the seriousness of the offense. Defendant's potential 20–year sentence is relatively lengthy and appears to suggest a serious offense. *Cf. United States v. Blackwell,* 12 F.3d 44, 48 (5th Cir.1994) (considering maximum three-year sentence as factor militating for dismissal with prejudice). However, the maximum sentence is in fact based upon a sentencing enhancement which stems from less serious crimes for which Defendant has already been incarcerated.[5] Notably, violence was not an element of any of Defendant's past or present charges. For these reasons, the seriousness of defendant's alleged offense is a neutral factor on the issue of dismissal.

Next, the Court must consider the facts and circumstances of the case which led to dismissal. The circumstances leading to dismissal were not caused by Defendant; rather, they were within the Government's control. While Defendant did file a Motion for Mental Examination which delayed his trial date, all delays which directly resulted from that Motion have been excluded from calculating speedy trial time. There is also absolutely no evidence that Defendant intentionally sought to delay his trial in order to get his indictment dismissed. And while there is no evidence that the Government's delay in transporting Defendant was intentional, it nevertheless remains unexplained. *See, e.g., United States v. Russo,* 741 F.2d 1264, 1267 (11th Cir.1984) ("Some affirmative justification must be demonstrated to warrant a dismissal without prejudice."). Further, the Government had numerous opportunities to seek a continuance when the delay in Defendant's trial approached and then exceeded seventy days. *See* 18 U.S.C. § 3161(h)(7)(A). However, the Government did not seek a continuance, and did not explain its failure to do so. These circumstances demonstrate that Defendant's rights were violated through no fault of his own and with no explanation from the Government, supporting a dismissal with prejudice.

Finally, the Court concludes that the third factor—the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice—also weighs in favor of dismissal with prejudice. In light of the fact that Defendant has already been prosecuted and sentenced for his prior offenses, and may still be deported as a consequence of his illegal entry, dismissal with prejudice would not significantly impede the administration of justice. *See United States v. Osunde,* 638 F.Supp. 171, 176 (N.D.Cal.1986) ("In short, the result will be the same; deportation is inevitable.") However, allowing reprosecution would allow the Government's clear and unexplained failure to comply with the Speedy Trial Act to go unsanctioned. Such a result is especially troubling where, as here, it appears that the Government was unaware of the possibility of a violation. Finally, the Court notes that a number of defendants with cases pending before this Court are experiencing similarly lengthy delays in transportation. The

---

**5.** For four of Defendant's prior convictions, Defendant was sentenced to between zero and seven days confinement. *See* Criminal Compl. 2. For one conviction—in 1985—Defendant was sentenced to 180 days confinement. *Id.*

Court holds that this final factor also weighs in favor of dismissal with prejudice.

Considering the factors set out in the Speedy Trial Act, the Court holds that Defendant's indictment shall be dismissed with prejudice to reprosecution.

**B. Rule 48(b)**

Because Defendant's indictment is dismissed on the basis of the Speedy Trial Act, the Court need not consider whether it should be dismissed under Federal Rule of Criminal Procedure 48(b).

**III. CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss for Delay (**Doc. No. 29**) is hereby **GRANTED.** Defendant's Indictment (**Doc. No. 8**) is hereby **DISMISSED WITH PREJUDICE.**

**THE CLERK SHALL CLOSE THE CASE.**

**SO ORDERED.**