**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1080n.06

No. 11-4395

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Oct 17, 2012***

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| JUAN EDUARDO MEDINA-ESPINOZA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BATCHELDER, Chief Judge; GIBBONS, Circuit Judge; ROSENTHAL, District Judge.[*]

PER CURIAM. Juan Eduardo Medina-Espinoza, a federal prisoner, appeals his conviction of re-entry after removal following a conviction of an aggravated felony.

Medina-Espinoza made an initial appearance on the above charge before a magistrate judge on April 20, 2011. The indictment was issued on May 11. Medina-Espinoza entered a plea of not guilty at the arraignment on May 26. On June 17, the case was referred to a magistrate judge for a change of plea. On June 28, a superseding indictment was issued. On August 9, Medina-Espinoza moved to dismiss the indictment, alleging a violation of the Speedy Trial Act, 18 U.S.C. § 3161. Medina-Espinoza argued that more than seventy days had passed since the original indictment. The government responded, arguing that the speedy trial period commenced on the date of the

_____

[*]The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

arraignment rather than the date of the indictment and that ten days were excluded between June 17 and June 28 while the court considered a potential plea agreement. Medina-Espinoza filed a reply to the government's response, countering both arguments. The district court denied the motion, concluding without explanation that the speedy trial period commenced on the date of the arraignment and finding the ten days during which the plea agreement was under consideration excludable. Medina-Espinoza later entered into an agreement to plead guilty, preserving his right to appeal the denial of his motion to dismiss the indictment. He was sentenced to twenty-seven months of imprisonment. On appeal, he reasserts the arguments raised below and also argues that the speedy trial period commenced on the date of his initial appearance before the magistrate judge.

Initially, we note that Medina-Espinoza did not argue before the district court that the speedy trial period commenced on the date of his original appearance, and we therefore will not review that claim. *See United States v. Wright*, 343 F.3d 849, 867 (6th Cir. 2003). Moreover, the argument is clearly without merit, as 18 U.S.C. § 3161(c)(1) provides that the trial shall commence within seventy days from the indictment or the defendant's initial appearance, whichever occurs last. The indictment was issued after the initial appearance in this case.

The district court also properly excluded the time during which it was considering a possible plea agreement. *See* 18 U.S.C. § 3161(h)(1)(G); *United States v. Rector*, 598 F.3d 468, 472 (8th Cir. 2010).

However, we conclude that the district court erred in stating, without explanation, that the speedy trial period commenced on the date of the arraignment rather than the earlier date of the indictment. The government cites *United States v. O'Dell*, 154 F.3d 358, 360-62 (6th Cir. 1998),

for the proposition that the speedy trial clock does not commence until the defendant enters a not guilty plea at the arraignment on an indictment. However, that case actually stands for the proposition that the Speedy Trial Act does not apply in a case where no plea of not guilty is entered. *See United States v. Tinklenberg*, 579 F.3d 589, 594 (6th Cir. 2009), *aff'd on other grounds*, 131 S. Ct. 2007 (2011). Later unpublished cases from this circuit have not applied *O'Dell* in the manner proposed by the government. *See United States v. Jackson*, 22 F. App'x 396, 397-98 & n.3 (6th Cir. 2001); *but see United States v. Levon*, 127 F. App'x 865, 869 (6th Cir. 2005). Other circuits have uniformly held that where the defendant makes an appearance before the indictment, the indictment starts the running of the speedy trial period, and not a later arraignment and not guilty plea. *United States v. Lopez-Valenzuela*, 511 F.3d 487, 489-92 (5th Cir. 2007); *United States v. Mancias*, 350 F.3d 800, 807-08 (8th Cir. 2003); *United States v. Hernandez*, 724 F.2d 904, 905 (11th Cir. 1984); *United States v. Haiges*, 688 F.2d 1273, 1274 (9th Cir. 1982).

Accordingly, we find that the district court incorrectly calculated the commencement of the speedy trial period in this case. We therefore vacate the judgment below and remand for further proceedings consistent with this opinion.