**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Norman Harold HAIGES, III,**
**Defendant-Appellant.**

**No. 82–1124.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 1982.

Decided Sept. 28, 1982.

Colin F. Campbell, Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Roger W. Dokken, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before HUG, FERGUSON and CANBY, Circuit Judges.

HUG, Circuit Judge:

Norman Harold Haiges, III claims that the Government's failure to bring him to trial within seventy days of the date of his indictment violated the Speedy Trial Act (the "Act"), 18 U.S.C. §§ 3161–3174. The district court denied Haiges's pretrial motion to dismiss the indictment, concluding that the Government had complied with the time limitations imposed by the Act. We affirm.

Haiges was arrested on November 6, 1981, shortly after a robbery of the Valley National Bank in Scottsdale, Arizona. He made an initial appearance before a magistrate on the day of his arrest, and was held to answer to a charge of bank robbery, in violation of 18 U.S.C. § 2113(a). Haiges was indicted on that charge on November 10, and at his arraignment, on November 18, pleaded not guilty. At that time, his trial was set for January 19, 1982. On January 14, the clerk filed a minute order vacating that trial date and resetting Haiges's trial for January 20.

On January 20, Haiges appeared for trial and moved for dismissal of the indictment. He argued that under the Act the Government was required to bring him to trial seventy days after the filing of his indictment, on January 19. The court denied the motion, holding as a matter of law that under 18 U.S.C. § 3161(h)(1) the day of Haiges's arraignment constituted an excludable delay. The court also found that January 19 was excludable under section 3161(h)(8)(A), because the continuance of Haiges's trial served the ends of justice. With the exclusion of these two days, the trial court concluded that trial on January 20 occurred on the sixty-ninth day. The case proceeded to trial, and Haiges was convicted of violation of 18 U.S.C. § 2113(a).

■■■ Section 3161(c)(1) of the Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." When a defendant is indicted prior to his arrest, the seventy-day pretrial period runs from the date of his arraignment. *United States v. Arkus,* 675 F.2d 245, 247 (9th Cir. 1982); *United States v. Nance,* 666 F.2d 353, 356 (9th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982). When the defendant is arrested prior to

indictment, and makes an initial appearance before a magistrate who orders him held to answer the charges in the district court, the seventy-day pretrial period runs from the date of his indictment. *See United States v. Carrasquillo,* 667 F.2d 382, 384 (3d Cir. 1981); *see also* Judicial Conference of the United States, Committee on the Administration of the Criminal Law, *Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended,* at 7–8 (1981) [hereinafter cited as U.S. Judicial Conference Guidelines].

■■■ Haiges's appearance before the magistrate on the day of his arrest constituted an appearance "before a judicial officer of the court in which [the] charge is pending." His indictment, which occurred after that initial appearance, therefore triggered the time limitations imposed by the Act. The Government was required to bring Haiges to trial within seventy days of November 10.

■■■ Section 3161(h)(1) of the Act allows the district court to exclude from the computation of the pretrial period "[a]ny period of delay resulting from other proceedings concerning the defendant. . . ." Under its plan for implementation of the Act, the District of Arizona automatically excludes the date of arraignment in those cases where the defendant has made an initial appearance prior to his indictment. The district court approved this practice, concluding that arraignment was a "proceeding concerning the defendant," and therefore excludable under section 3161(h)(1).

Haiges challenges this conclusion. He contends that because arraignment constitutes "an operative provision that triggers the time limits" under the Act, it cannot also be a "proceeding" that tolls those time limits. Haiges relies upon the original language of section 3161(c), which required that the defendant be arraigned within ten days of the filing of the indictment, and brought to trial within sixty days of the arraignment. *See* 18 U.S.C. § 3161(c) (1974) (amended 1979).

For a defendant such as Haiges, whose statutory right to a speedy trial runs from the date of his indictment, the appearance

for arraignment does not affect the computation of the pretrial period. Appearance for arraignment is therefore similar to the other pretrial appearances listed as examples of "proceedings concerning the defendant" in section 3161(h)(1). The statute expressly provides that the list of specified proceedings is not exclusive. The United States Judicial Conference has concluded that arraignment proceedings are excludable under section 3161(h)(1), and nothing in the legislative history requires a contrary interpretation of the statute. *See* U.S. Judicial Conference Guidelines at 44. We see no reason that an arraignment proceeding should not be considered a "proceeding concerning the defendant" in this instance.

We therefore hold that Haiges's arraignment, on November 18, was a day of excludable delay. Excluding that date, Haiges's trial on January 20 occurred seventy days after his indictment and complied with the requirements of the Act. Because his trial was timely, we need not reach Haiges's claim that the continuance on January 19 was not excludable under section 3161(h)(8)(A).

The judgment is AFFIRMED.