UNITED STATES of America,
Plaintiff-Appellee,

v.

Domingo HERNANDEZ,
Defendant-Appellant.

No. 82–5721.

United States Court of Appeals,
Eleventh Circuit.

Feb. 9, 1984.

Raymond J. Takiff, Coconut Grove, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., John F. Peyton, Jr., Linda Collins Hertz, Sonia O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before VANCE and JOHNSON, Circuit Judges, and PITTMAN *, District Judge.

VANCE, Circuit Judge:

On February 2, 1981 appellant, Domingo Hernandez, and Linda Christina Davis were indicted in a two-count indictment charging in Count 1 that on January 18, 1981 they knowingly and intentionally possessed with intent to distribute approximately 1,050 pounds of marijuana in violation of 21 U.S.C. § 955a(a) and 18 U.S.C. § 2. Count 2 charged that defendants conspired to possess with intent to distribute the marijuana in violation of 21 U.S.C. § 955c. On May 13, 1981 defendants moved to dismiss the indictment for violation of their rights under the Speedy Trial Act, 18 U.S.C. § 3161

---

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

et seq. The district court granted defendants' motion in part and on October 3, 1981 dismissed the indictment without prejudice.

On November 18, 1981 a grand jury returned a second indictment charging the same defendants with the same offenses charged in the previous indictment. Hernandez was not arrested but appeared on January 26, 1982 before the United States magistrate at which time he was arraigned under the second indictment and released on bond.

On March 25, 1982 Hernandez moved that the second indictment be dismissed because of an asserted failure to bring him to trial within the time limits set by the Speedy Trial Act. In the same motion he also alleged that his rights under *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), had been violated. The district court denied his motion on April 8, 1982. After waiving trial by jury he was tried on April 20, 1982 on stipulated facts, was convicted under both counts and thereafter was sentenced.

On appeal to this court Hernandez claims that he was entitled to dismissal both on the basis of a Speedy Trial Act violation and a claimed violation of his rights under the sixth amendment.[1]

The speedy trial contention devolves into one simple question: Did the speedy trial clock begin running on the date of Hernandez' reindictment on November 18, 1981 or on the date of his rearraignment on January 26, 1982? If it began running on the date of his reindictment, there was a clear violation. If it began running on the date of his rearraignment, however, there was no violation after taking excludable time into consideration.[2]

The applicable subsection of the Speedy Trial Act, 18 U.S.C. § 3161(d)(1), provides in pertinent part:

If any indictment or information is dismissed upon motion of the defendant, ... the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

One of the cited subsections, 18 U.S.C. § 3161(c)(1), provides:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, *whichever date last occurs.*

(emphasis added). In *United States v. Mers,* 701 F.2d 1321, 1332 n. 6 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 482, 78 L.Ed.2d 679 (1983), we approved the rule stated by the ninth circuit in *United States v. Haiges,* 688 F.2d 1273, 1274 (9th Cir.1982), as follows:

When a defendant is indicted prior to his arrest, the seventy-day pretrial period runs from the date of his arraignment .... When the defendant is arrested prior to indictment, and makes an initial appearance before a magistrate who orders him held to answer the charges in the district court, the seventy-day pretrial period runs from the date of his indictment.

■ It was Hernandez who moved to dismiss the original indictment. He was not arrested or in custody under the second indictment at any time prior to his arraignment. Application of the straightforward language of the statute compels the conclusion that the seventy-day period provided in the Speedy Trial Act commenced to run on

---

**1.** Hernandez also raises questions concerning venue and the sufficiency of the evidence, both of which are clearly without merit.

**2.** Hernandez also contends that our decision in *United States v. Stafford,* 697 F.2d 1368 (11th Cir.1983), was wrongly decided and on the ba-

sis of that contention claims that the excludable time was computed incorrectly. Unless changed by our court sitting *en banc* or the Supreme Court, the *Stafford* rule is, of course, binding on this panel.

January 26, 1982, the date of his arraignment under his second indictment. Accordingly, the delay prior to his trial did not contravene the provisions of the Speedy Trial Act.

Hernandez argues, however, that under the eighth circuit's decision in *United States v. Dennis,* 625 F.2d 782 (8th Cir.1980), and a decision of the district court in *United States v. LaTender,* 464 F.Supp. 607 (E.D. Wis.1979), the seventy-day period commenced to run upon the date of his reindictment. We believe that Hernandez misreads those decisions. Those cases dealt with a contention that the speedy trial period began running from the date of a first indictment which was subsequently superseded by a second indictment. The discussion from which Hernandez seeks to draw support differentiates between the two and concludes that it is only the second indictment which is relevant to the speedy trial period. In any event, we cannot accept a reading of these authorities in a way that would contravene the clear meaning of the statute.

■ Hernandez' constitutional argument fares no better. He contends that at least with respect to his rights under the sixth amendment the delay prior to trial must be measured from the date of his original indictment. His argument runs counter to the rationale of the Supreme Court's recent holding in *United States v. MacDonald,* 456 U.S. 1, 7, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982):

> Similarly, the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges. Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause.[7]

**3.** In the district court Hernandez' memorandum contained the following:

> Finally, it had been the original plan of DOMINGO JULIO HERNANDEZ to have both his mother and father in Court during the period of time that he was tried, along with his family, which included his brother, Cecilio Hernandez.

[7] Our holding agrees with the determination made by Congress in enacting the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* The Act, intended "to give effect to the sixth amendment right to a speedy trial . . .," S.Rep. No. 93–1021, 93d Cong., 2d Sess. 1 (1974), provides that if charges are initially dismissed and later reinstated, the period between the dismissal and the reinstatement is not to be included in computing the time within which a trial must commence. 18 U.S.C. §§ 3161(d), 3161(h)(6).

■ Even if we were to consider the entire period from the time of his first indictment Hernandez has failed to show a sixth amendment violation. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), identified four factors to be balanced in weighing sixth amendment speedy trial contentions. These include length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192. Hernandez' cause founders on the fourth of the contentions, the total absence of any showing of prejudice. In brief he argued that by its very nature a delay of the length involved here had some prejudicial effect. We squarely rejected this contention in *United States v. Carter,* 603 F.2d 1204, 1206 n. 1 (5th Cir.1979). Pressed at oral argument to reveal any specific prejudice suffered by Hernandez his counsel stated that during the interim between his initial indictment and his trial Hernandez' brother died. Counsel maintained that Hernandez had intended to use his brother as a character witness. If so this is quite different from the contention that was presented to the district court.[3] Our examination of the record discloses that Hernandez made no proffer of any evidence of specific prejudice in the district court and indeed that he did not even make any allegation of prejudice except in conclusory terms.

To summarize we hold that the seventy-day period allowed by the Speedy Trial Act

> Since the time of the filing of the original indictment Cecilio Hernandez has died, Mrs. Domingo Hernandez has been devastated by virtue of the fact that her young son's death and can offer very little by way of support to the Defendant.

commenced to run on January 26, 1982, the date of Hernandez' arraignment after his second indictment, and that his trial was held within the seventy-day period after excludable time is taken into account. We hold further that the period of time considered for weighing his claim that the speedy trial provisions of the sixth amendment were violated commenced to run on the same date, that such period was not sufficient to trigger the inquiry into other factors contemplated by *Barker v. Wingo* but that even so there is a total absence of any demonstrated prejudice resulting from the delay which occurred. We have found that all other contentions advanced by Hernandez are without merit and accordingly his conviction and sentence on both counts are

AFFIRMED.