[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13606

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN BLASH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cr-00051-TES-CHW-1

_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Jonathan Blash appeals his conviction and 27-months sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), arguing that the district court erred by not dismissing his case for violating the Speedy Trial Act, *see* 18 U.S.C. § 3161(c)(1), and by applying the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). For the reasons stated below, we affirm.

## I.

We review *de novo* the denial of a defendant's Speedy Trial Act motion. *United States v. Hughes*, 840 F.3d 1368, 1378 (11th Cir. 2016).

The Speedy Trial Act provides that a criminal defendant who pleads not guilty must be tried within seventy days of either the filing date of the indictment or his initial appearance in court, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). Therefore, "[w]hen a defendant is indicted prior to his arrest, the seventy-day pretrial period runs from the date of his arraignment . . . . When the defendant is arrested prior to indictment, . . . the seventy-day pretrial period runs from the date of his indictment." *United States v. Hernandez*, 724 F.2d 904, 905 (11th Cir. 1984) (quoting *United States v. Haiges*, 688 F.2d 1273, 1274 (9th Cir. 1982)). "Where an indictment has previously issued, Congress clearly intended that

20-13606                Opinion of the Court                3

the Speedy Trial Act clock would not begin running until a defendant appeared before a judicial officer in the district where charges were pending." *See United States v. O'Bryant*, 775 F.2d 1528, 1531 & n.3 (11th Cir. 1985) (holding that, although a defendant was indicted in September 1982, the seventy-day window did not begin until he first appeared in the relevant court in March 1984).

Here, the district court did not err by finding that there was no Speedy Trial Act violation because the seventy-day window began once Blash made his initial appearance, as the Speedy Trial Act's plain text and our precedent make clear. Because Blash was indicted prior to his arrest, the seventy-day window in which to bring him to trial began after his arraignment, which was the same day he filed his motion to dismiss. We therefore affirm as to this issue.

## II.

Under the invited error doctrine, if a defendant "induces or invites the district court into making an error," then we are precluded from reviewing that error on appeal. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (quoting *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998)). "[W]here a party invites the trial court to commit error, he cannot later cry foul on appeal." *Id.* (quoting *United States v. Harris*, 443 F.3d 822, 823–24 (11th Cir. 2006)). However, "ambiguous statements or representations" do not trigger the invited error doctrine. *United States v. Hayes*, 762 F.3d 1300, 1310 n.6 (11th Cir. 2014).

Arguments that were not raised in the district court are reviewed for plain error. *United States v. Bradley*, 644 F.3d 1213, 1293 (11th Cir. 2011). "Plain error occurs 'if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017) (quoting *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010)).

In challenges to sentencing decisions, we review a district court's factual findings for clear error. *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019). To be clearly erroneous, a review of the entire record must leave us with the "definite and firm conviction" that a mistake has been made. *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) (quoting *United States v. Engelhard Corp.*, 126 F.3d 1302, 1305 (11th Cir. 1997)). Where there are two reasonable interpretations of the facts, "the factfinder's choice between them cannot be clearly erroneous." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (quoting *United States v. Izquierdo*, 448 F.3d 1269, 1278 (11th Cir. 2006)).

If the defendant objects to the factual basis of his sentence, the government must prove that fact by a preponderance of the evidence. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). When making factual findings at sentencing, the court may look to "undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v.*

*Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).  The failure to object with specificity and clarity to statements in the presentence investigation report ("PSI") "renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence." *Aguilar-Ibarra*, 740 F.3d at 592 (quoting *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009)).

A four-level enhancement is applied to the U.S. Sentencing Guidelines' base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B).  This enhancement automatically applies where the connected felony offense is for drug trafficking and "the firearm is found in *close proximity*" to drugs or drug paraphernalia.  *See Bishop*, 940 F.3d at 1250 (emphasis in original) (quoting U.S.S.G. § 2K2.1 cmt. n.14(B)).  While the phrase "drug trafficking offense" is not defined by section 2K2.1, we have adopted the definition of that phrase in section 2L1.2 for the purposes of applying section 2K2.1. *See United States v. Martinez*, 964 F.3d 1329, 1334 & n.2 (11th Cir. 2020).  Under that definition, a drug trafficking offense is "an offense under federal, state, or local law that prohibits the . . . possession of a controlled substance (or a counterfeit substance) with intent to . . . distribute."  U.S.S.G. § 2L1.2 cmt. n.2.  The phrase "another felony offense" is defined to include any federal offense punishable by more than one year imprisonment, regardless of whether a criminal charge is brought or a conviction is obtained.  *Id.* § 2K2.1 cmt. n.14(C).

Possession of less than five kilograms of marijuana with intent to distribute is punishable under federal law by up to five years' imprisonment.  21 U.S.C. § 841(a), (b)(1)(D).  Intent to distribute can be shown by the amount of drugs found and the presence of other items commonly used for distribution, such as scales. *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989); *see also United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008) (holding that the presence of plastic bags also indicates the intent to distribute).

Here, Blash invited any error the district court may have made by implicitly finding that the substance seized from his apartment was marijuana because, at sentencing, he unambiguously characterized the substance as marijuana and argued that it was for personal use.  But even if Blash did not invite this alleged error, plain error review applies because he raises this argument for the first time on appeal.  We conclude that the district court did not plainly err by implicitly finding that the substance was marijuana because Blash neither disputed the statement in the PSI stating that the police confirmed the substance seized in his apartment was marijuana nor did he dispute the lab report confirming that it was marijuana.

Additionally, the district court did not clearly err by finding that Blash possessed marijuana with intent to distribute because this was a reasonable interpretation of the facts.  A scale, baggies, and a credit card machine were found near a large amount of marijuana, specifically 64.9 grams.  The government also presented evidence that Blash sold marijuana to a confidential informant.

Finally, the district court did not err by applying the four-level enhancement under section 2K2.1(b)(6)(B) because this provision automatically applies where, as here, the connected felony offense was drug trafficking and the firearm was found in close proximity to drugs. Possession of marijuana with intent to distribute is a federal crime and, because marijuana is a controlled substance under federal law, it is also a drug trafficking offense under the Sentencing Guidelines.

## III.

Accordingly, for the reasons discussed, we affirm Blash's conviction and sentence.

**AFFIRMED.**