[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11822

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRANDON RASHAD DOWDELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:21-cr-00017-WLS-TQL-1

_____

Before JORDAN, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Defendant Brandon Dowdell appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Dowdell argues that the district court erred (1) in dismissing his original November 13, 2018, indictment without prejudice, rather than with prejudice; and (2) in denying his motion to dismiss his subsequent May 12, 2021, indictment for the same offense. After careful review of the record and the parties' briefs, we affirm.

## I.    FACTUAL BACKGROUND

Because this appeal involves both statutory and constitutional speedy trial claims, we recount the procedural history in detail.

### A.    2018 Indictment and Initial Appearance

On November 13, 2018, a federal grand jury indicted Dowdell with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dowdell was appointed counsel on November 27, 2018, but he was not arrested on this § 922(g) indictment until August 12, 2019.

Then on August 13, 2019, pursuant to a writ of *ad prosequendum*, Dowdell was brought before the federal district court for his initial appearance. At this time, Dowdell was

incarcerated on state charges in the Lowndes County Jail in Valdosta, Georgia.

At Dowdell's initial appearance, a magistrate judge ordered that Dowdell be detained pending trial. That same day, the magistrate judge issued a pretrial order directing the parties to turn over discovery by September 12, 2019.

## B.    Government's Motion to Continue

On October 21, 2019, the government moved under the Speedy Trial Act, 18 U.S.C. § 3161, to continue Dowdell's trial in furtherance of the ends of justice. It asserted that a "continuance would best serve the interests of justice and would not unduly prejudice either party." It also requested that the period of delay be excluded from the speedy trial clock.

Dowdell opposed this motion, arguing that a continuance was not warranted because the speedy trial clock already had expired.

## C.    Dowdell's Motion to Dismiss Indictment with Prejudice

One week later, on October 28, 2019, Dowdell, through counsel, moved to dismiss his indictment with prejudice under the Speedy Trial Act, asserting that more than 70 days had elapsed since his November 13, 2018, indictment and his August 13, 2019, initial appearance. Dowdell observed that, once the speedy trial clock expires, a district court has discretion to dismiss the indictment with or without prejudice after considering the 18 U.S.C. § 3162(a) factors. Dowdell also contended that (1) the

pretrial delay violated his Sixth Amendment right to a speedy trial, and (2) the government failed to comply with its discovery obligations, in violation of his Fifth Amendment due process rights and the magistrate judge's pretrial order.

On January 9, 2020, the district court held a hearing on Dowdell's October 28 motion to dismiss. During this hearing, Dowdell argued that he was in the Lowndes County Jail for approximately 270 days because there was a "federal hold" on his case. He also contended that the 2018 indictment should be dismissed with prejudice because (1) he had been unable to investigate his case or prepare a defense, (2) he did not receive discovery from the government for over a year, and (3) he could have difficulty tracking down witnesses for his trial.

As to the November 2018 indictment, the government responded that (1) the speedy trial period did not begin to run until August 13, 2019, when Dowdell made his initial appearance; (2) under § 3161, the government's October 21 motion tolled the speedy trial clock; and (3) the 70-day deadline had not expired. Instead, the government pointed out that only 68 days had expired.

Alternatively, the government requested that, if the district court determined that there was a speedy trial violation, the indictment be dismissed without prejudice.

Regarding the discovery delays, the government stated that (1) it had issues uploading the discovery materials to its server, and (2) it sent the discovery to Dowdell by FedEx on October 30, 2019, only about a month after the September 12 discovery deadline.

At the conclusion of the January 2020 hearing, the district court dismissed Dowdell's indictment without prejudice. The court observed that (1) Dowdell's counsel "sat on [his] hands for the better part of a year" and did not bring the speedy trial matter to the court's attention; and (2) if the court had known about the issue, it "would have taken steps to correct it."

## D.    2021 Indictment and Initial Appearance

On May 12, 2021, a federal grand jury indicted Dowdell with one count of being a felon in possession of a firearm, in violation of § 922(g)(1), based on the same conduct underlying the November 2018 indictment.

On May 17, 2021, the government secured another writ of *ad prosequendum* so that Dowdell, who was still incarcerated in the Lowndes County Jail, could be brought before the district court for his initial appearance.

On June 22, 2021, Dowdell's initial appearance was held before a magistrate judge. Dowdell consented to pretrial detention "in light of [his] pending state charges."

## E.    Denial of Dowdell's July 16, 2021, Motion to Dismiss the 2021 Indictment

On July 16, 2021, Dowdell moved to dismiss his 2021 indictment with prejudice, arguing that (1) the speedy trial clock had expired, (2) the 974-day pretrial delay between his November 2018 indictment and his July 2021 motion to dismiss violated his constitutional speedy trial rights, (3) the district court back in

January 2020 should have dismissed his 2018 indictment with prejudice, and (4) he was prejudiced by the government's failure to try him within the deadlines established by the Speedy Trial Act and the Sixth Amendment.

On November 16, 2021, the district court denied Dowdell's motion to dismiss. The district court found that (1) the speedy trial clock had not expired on the 2021 indictment, and (2) the district court lacked jurisdiction to review whether the 2018 indictment should have been dismissed with prejudice, relying on *United States v. Kelley*, 849 F.2d 1395, 1397 (11th Cir. 1988), which concluded that "any challenge to the dismissal of the indictment without prejudice must await the defendant's subsequent conviction."

## F.    Dowdell's Second Motion to Dismiss, Guilty Plea, and Sentence

On January 3, 2022, Dowdell filed a second motion to dismiss his 2021 indictment under the Speedy Trial Act and the Sixth Amendment.

During a January 25, 2022, pretrial conference, the parties informed the district court that (1) Dowdell intended to enter a conditional guilty plea to the § 922(g)(1) offense and (2) he would reserve the right to appeal the denial of his July 16, 2021, motion to dismiss the 2021 indictment.

On January 31, 2022, the district court denied Dowdell's second motion to dismiss as moot because he was pleading guilty to the charged offense.

On February 3, 2022, Dowdell entered a conditional guilty plea to the § 922(g)(1) offense.  Dowdell's plea agreement states: "[T]he defendant and the Government agree that this plea agreement is conditioned on the defendant's right to have an appellate court review the district court's order denying his motion to dismiss (Doc. 29)."

Further, Dowdell's attorney and the prosecutor signed a "Conditional Guilty Plea" document pursuant to Federal Rule of Criminal Procedure 11(a)(2).  That document states that Dowdell "reserves the right to have an appellate court review the Order Denying his Motion to Dismiss the Indictment issued by this Court on November 16, 2021."

The factual proffer contained in Dowdell's plea agreement stated that: (1) Dowdell's ex-girlfriend called the authorities after Dowdell became irate during a FaceTime conversation, pointed a gun at her, and threatened her grandmother; (2) Dowdell, who was the subject of a warrant for a state probation violation, fled on foot after two Valdosta Police Department officers approached his residence; and (3) Dowdell was later apprehended, and the officers found a pistol in the sleeve of a sweatshirt that he discarded after he fled from the house.

At the change-of-plea hearing, the government informed the district court that (1) Dowdell was entering a conditional plea, and (2) he was reserving the right to appeal Document 29, which is the order denying the motion to dismiss the 2021 indictment.  The district court observed that (1) "part of" Dowdell's position in that

motion to dismiss the 2021 indictment was that "the first indictment that was dismissed under [the] Speedy Trial [Act] should have been with prejudice," and (2) the district court determined that in the 2021 case it could not review its previous order dismissing the 2018 indictment without prejudice. Both parties agreed that the district court was accurately characterizing Dowdell's position and the district court's order. At the conclusion of the hearing, the district court accepted Dowdell's guilty plea.

The presentence investigation report calculated an advisory guidelines range of 70 to 87 months based on a total offense level of 21 and a criminal history category of V. At the sentencing hearing, the district court calculated an advisory guidelines range of 70 to 78 months[1] and sentenced Dowdell to 78 months' imprisonment, followed by 3 years' supervised release.

## II.    DOWDELL'S APPEAL

On appeal, Dowdell argues the district court erred (1) in dismissing his 2018 indictment without prejudice, rather than with prejudice; and (2) in denying his motion to dismiss his 2021 indictment for the same offense.

As a threshold matter, there is an issue as to whether Dowdell's guilty plea preserves challenges only to the denial of the

---

[1] We recognize that the district court (1) calculated the advisory guidelines range as 70 to 78 months at Dowdell's sentencing hearing, but (2) indicated in its Statement of Reasons that that range was 70 to 87 months. We do not address this contradiction because Dowdell does not raise this issue.

motion to dismiss his 2021 indictment, and not to the dismissal of his 2018 indictment without prejudice.

As noted earlier, Dowdell's plea agreement and the conditional plea document were both, on their face, conditioned on his "right to have an appellate court review" the district court's order denying his motion to dismiss the 2021 indictment. Further, Dowdell's speedy trial challenge to his 2018 indictment is non-jurisdictional, and a guilty plea generally results in waiver of all non-jurisdictional defects that are not preserved in the defendant's conditional guilty plea. *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997).

On the other hand, during the plea colloquy, the district court recognized that part of the motion to dismiss the 2021 indictment was based on the court's failure to dismiss the 2018 indictment with prejudice. Moreover, the government on appeal does not raise the issue of waiver as to Dowdell's 2018 indictment challenge but instead briefs the merits of the dismissal of the 2018 indictment being without prejudice, rather than with prejudice.

Accordingly, we do not address waiver and proceed to consider Dowdell's claims that his 2018 indictment should have been dismissed with prejudice. *Cf. United States v. Lall*, 607 F.3d 1277, 1290 (11th Cir. 2010) (declining to apply on appeal a waiver or procedural forfeiture rule to a defendant's challenge of the admissibility of a confession because the government did not argue the issue was waived or forfeited).

### III.    SPEEDY TRIAL ACT

### A.    General Principles

The Speedy Trial Act requires that a federal criminal defendant be tried within 70 days of the filing of an indictment against him or his arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day calculation certain periods of delay, including the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D).

The date on which an event occurs, including the date of arraignment, the date a pretrial motion is filed, and the date a pretrial motion is resolved, is not counted in calculating the statutory period. *United States v. Jones,* 601 F.3d 1247, 1255 (11th Cir. 2010); *United States v. Yunis,* 723 F.2d 795, 797 (11th Cir. 1984). If a defendant is not brought to trial within the 70-day period, the defendant may move to dismiss the indictment, and the district court must grant that motion and dismiss the indictment. 18 U.S.C. § 3162(a)(2).

In granting a Speedy Trial Act dismissal, "[a] district court has the discretion to dismiss an indictment with or without prejudice." *United States v. Ochoa*, 941 F.3d 1074, 1100 (11th Cir. 2019). The district court "must consider three factors when determining the method of relief: (1) 'the seriousness of the offense'; (2) 'the facts and circumstances of the case which led to the dismissal'; and (3) 'the impact of a reprosecution on the

administration of this chapter and on the administration of justice.'" *Id.* (quoting 18 U.S.C. § 3162(a)(2)).    "Where the defendant is charged with a serious crime, the delay was minor, the defendant suffered no prejudice from the delay, and the government did not actively seek delay, dismissal should be without prejudice." *Jones,* 601 F.3d at 1257 (considering whether the defendant's indictment should have been dismissed without prejudice where the Speedy Trial Act was violated).

## B.    No Speedy Trial Act Violation as to 2018 Indictment

As to the 2018 indictment, Dowdell's speedy trial clock began to run on August 14, 2019, the day after his arraignment on the November 2018 indictment.    *See* 18 U.S.C. § 3161(c)(1); *Yunis,* 723 F.2d at 797 (observing that the arraignment date is excluded).[2]  The clock ran until October 20, 2019, the day before the government filed its motion to continue, for a total of 68 days.  *See Jones,* 601 F.3d at 1255 (stating the date on which a pretrial motion is filed is excluded).  One week later, on October 28, 2019, Dowdell filed a motion to dismiss his indictment, which also tolled the speedy trial clock.  *See* 18 U.S.C. § 3161(h)(1)(D).

The clock was tolled until January 9, 2020, the date of the hearing on, and the disposition of, Dowdell's motion to dismiss the indictment and the government's motion to continue, which the district court denied by implication.  *See id.*; *Jones*, 601 F.3d at 1255.

---

[2] "We review for an abuse of discretion whether a district court should dismiss an indictment with or without prejudice for a violation of the Speedy Trial Act." *Ochoa*, 941 F.3d at 1100 n.17 (quotation marks omitted).

Therefore, when the district court dismissed the 2018 indictment on January 9, 2020, the 70-day speedy trial clock had not lapsed.

## C.    Dismissal of the 2018 Indictment Without Prejudice

Because no Speedy Trial Act violation occurred, we cannot conclude that the district court abused its "broad discretion" when it dismissed the November 13, 2018, indictment without prejudice. *United States v. Larson*, 627 F.3d 1198, 1211 (10th Cir. 2010) (quotation marks omitted).  In fact, the district court was not required to grant Dowdell's motion to dismiss the 2018 indictment at all—much less with prejudice—given the Speedy Trial Act was not violated as to his 2018 indictment.

And, as the government points out, even when the Speedy Trial Act is violated, the district court still has the discretion to dismiss an indictment without prejudice, and Dowdell has not shown the district court abused its discretion in dismissing the indictment without prejudice.

In sum, given the seriousness of Dowdell's charge and the absence of any speedy trial delay, the district court did not abuse its discretion in dismissing the November 13, 2018, indictment without prejudice.  *See Jones*, 601 F.3d at 1257; *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984) ("Where the crime charged is serious, the [district] court should dismiss [with prejudice] only for a correspondingly severe delay.").

**D.   Denial of Dowdell's Motion to Dismiss the 2021 Indictment**

Next, Dowdell argues that the district court erred in denying his motion to dismiss the May 12, 2021, indictment because it failed to consider the nearly 17-month preindictment delay between the January 9, 2020, dismissal of his 2018 indictment and his May 12, 2021, reindictment.  This argument also lacks merit.

This Court has long held that, when an indictment is dismissed on the motion of the defendant, and the defendant is later indicted for the same offense, the speedy trial clock "begin[s] to run anew from a subsequent arrest or indictment rather than from the date of the original arrest or indictment."  *United States v. Brown*, 183 F.3d 1306, 1310–11 (11th Cir. 1999); *see also United States v. Rubin*, 733 F.2d 837, 840 (11th Cir. 1984) ("Where an indictment is dismissed on the motion of the defendant, or for reasons other than the motion or request of the government, the 70-day time period begins to run anew with the return of a superseding indictment.").

Because the November 13, 2018, indictment was dismissed on Dowdell's October 28, 2019, motion, the speedy trial clock reset when Dowdell was indicted for the same offense on May 12, 2021. *See Brown*, 183 F.3d at 1310–11; *Rubin*, 733 F.2d at 840.  Thus, the district court did not err when it failed to consider the preindictment delay between the 2018 indictment and the 2021 indictment.

Dowdell does not otherwise challenge the denial of his motion to dismiss his May 12, 2021, indictment on Speedy Trial Act grounds. We thus conclude that the district court did not abuse its discretion in finding that the speedy trial clock had not expired.

## IV.    SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const., amend. VI. The Supreme Court has established a four-factor test to determine whether a defendant has been deprived of the constitutional right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S. Ct. 2182, 2191–93 (1972).

"The first factor, length of the delay, serves a triggering function." *United States v. Oliva*, 909 F.3d 1292, 1298 (11th Cir. 2018). Unless some "presumptively prejudicial" period of delay occurred, we need not examine the other three factors. *United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999). "Delays exceeding one year are generally found to be presumptively prejudicial." *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006) (quotation marks omitted).

In *Ingram*, our Court did not consider the defendant's preindictment delay when deciding whether his Sixth Amendment speedy trial delay was presumptively prejudicial for purposes of the first *Barker* factor. *Id.* at 1339. Our Court explained that "[o]nly

pretrial delay following a person's arrest, charge, or indictment is relevant to whether the Speedy Trial Clause of the Sixth Amendment is triggered." *Id.*

When an indictment is dismissed, and the defendant is later charged with the same offense, "[a]ny undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause." *United States v. MacDonald,* 456 U.S. 1, 7, 102 S. Ct. 1497, 1501 (1982); *see also United States v. McDaniel,* 631 F.3d 1204, 1209 n.2 (11th Cir. 2011) ("The Sixth Amendment speedy trial guarantee was no longer effective for McDaniel's original indictment once the district court dismissed it . . . ."); *United States v. Hernandez,* 724 F.2d 904, 906–07 (11th Cir. 1984) (concluding that, where the original indictment was dismissed on the defendant's motion, and the defendant was reindicted for the same crimes one month later, the Sixth Amendment speedy trial delay began to run on the date of his arraignment after his second indictment).

Dowdell argues that the nearly 23-month delay between his initial August 12, 2019, arrest and his June 22, 2021, initial appearance on the second indictment deprived him of his Sixth Amendment right to a speedy trial.[3]  However, Dowdell's argument ignores that the November 13, 2018, indictment was

---

[3] Whether the government violated a defendant's constitutional right to a speedy trial is a mixed question of fact and law. *United States v. Machado,* 886 F.3d 1070, 1079 n.7 (11th Cir. 2018).  We review a district court's legal conclusions de novo and its factual findings for clear error.  *Id.*

dismissed on Dowdell's motion, and Dowdell was reindicted on May 12, 2021, for the same offense. For purposes of the Sixth Amendment speedy trial analysis, we consider only the nine-month delay between the May 12, 2021, indictment and Dowdell's February 3, 2022, guilty plea. *See MacDonald,* 456 U.S. at 7, 102 S. Ct. at 1501; *McDaniel,* 631 F.3d at 1209 n.2; *Hernandez,* 724 F.2d at 906–07.

This nine-month delay was not presumptively prejudicial. *See Ingram*, 446 F.3d at 1336. We therefore conclude that Dowdell's right to a speedy trial was not violated without reaching the other *Barker* factors. *See Register*, 182 F.3d at 827; *see also United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996) (concluding that an eight-month delay between the defendants' indictment and their trial was "insufficient to merit a Sixth Amendment speedy trial violation inquiry").

We also reject Dowdell's argument about how he was placed on a "federal hold" while he was in state custody. The record shows that, before Dowdell's reindictment on May 12, 2021, he was in *state* custody on pending *state* charges. In any event, as the Supreme Court has recognized, "an arrest or indictment by one sovereign would not cause the speedy trial guarantees to become engaged as to possible subsequent indictments by another sovereign." *MacDonald,* 456 U.S. at 10 n.11, 102 S. Ct. at 1503 n.11. Because Dowdell had only state charges between the January 9, 2020, dismissal of Dowdell's 2018 indictment and his May 12, 2021, indictment, no constitutional speedy trial delay occurred.

Accordingly, the district court did not abuse its discretion in denying Dowdell's motion to dismiss his 2021 indictment on Sixth Amendment grounds.[4]

## V.    CONCLUSION

For these reasons, we affirm the district court's (1) dismissal of the 2018 indictment without prejudice, and (2) denial of Dowdell's motion to dismiss the 2021 indictment.

**AFFIRMED.**

---

[4] To the extent that Dowdell contends that the 17-month preindictment delay between the January 9, 2020, dismissal of his 2018 indictment and his May 12, 2021, reindictment violated his Fifth Amendment due process rights, this argument is also without merit. "To prove a due process violation resulting from a pre-indictment delay, [a defendant] must show: (1) actual prejudice to [his] defense from the delay; and (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage." *United States v. Thomas,* 62 F.3d 1332, 1339 (11th Cir.1995).   Even if Dowdell could demonstrate actual prejudice to his defense, he does not argue, and the record does not show, that the government delayed in indicting Dowdell to gain a tactical advantage. *See id.*